

**DAVID H. STEIN, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

April 8, 2019

*Via ECF*
Honorable John K. Sherwood
United States Bankruptcy Court
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:  **Kelly K. Lally**
     **Chapter 13/Case No.: 19-13492 (JKS)**
     **Return Date: April 11, 2019, 10:00 AM**

Dear Judge Sherwood:

This firm represents the Estate of Saul Fischer (the "Estate"), a secured creditor in the above referenced matter. Kindly accept this letter brief in lieu of a more formal brief in further support of the Motion for an Order Granting Relief from the Automatic Stay Pursuant to U.S.C. § 362(d), Waiving the Fourteen Day Stay Under Fed.R.Bankr.P.4001(a)(3) and Granting Prospective and Related Relief or, in the Alternative, Dismissing Bankruptcy Case (the "Motion"), filed on March 6, 2019 (Docket Entry No. 22) and in response to the Certification of Kelly K. Lally (the "Debtor") in Opposition to Motion for Relief from the Automatic Stay (the "Reply", Docket Entry No. 28). The Motion is currently returnable before the Court on April 11, 2019 at 10:00 a.m.

April 8, 2019<br>Page 2

## STATEMENT OF FACTS

The relevant facts are set forth in the Certification of Lawrence Fischer (the "Fischer Cert."), previously submitted in support of the Motion, which are incorporated by reference herein.[1]

## LEGAL ARGUMENT

1. **Debtor Defaulted Under the Memorandum**

As has previously been set forth in the Motion, on April 11, 2017, Saul Fischer ("Fischer") and Vincent Lally entered into a memorandum (the "Memorandum") with respect to (1) Fischer's purchase of the Note and Mortgage, (2) Fischer's right to complete the Foreclosure Action and (3) the Debtor's right to purchase the Property subsequent to Sheriff's Sale. The Memorandum provided that the Debtor's right to purchase the Property would expire eighteen (18) months (the "Option Period") from the date of Fischer's purchase of the right of DLJ Mortgage Capital, Inc. to foreclose the Mortgage (the "Purchase Date"). As a condition precedent, the Debtor was also required to make monthly payments under the Mortgage to Fischer; to pay real estate taxes and homeowners insurance for the Property during the eighteen (18) months following the Purchase Date; to improve the Property, expending a minimum of $30,000 in verifiable expenses; and to deliver a lender's title policy and a corresponding legal opinion of counsel with respect to the Property.

Initially, it should be noted that the Memorandum is unenforceable on its face, as the Debtor herself did not sign it. In addition, the Option Period set forth in the Memorandum has long since expired.

Even if the Memorandum were deemed to be binding, the Debtor breached the provisions thereof through (1) her failure to confirm that monthly payments were made to Fischer; (2) her failure to pay real estate taxes for the Property; (3) her failure to deliver proof of insurance; (4) her

---

[1] Capitalized terms not otherwise defined herein shall have meanings ascribed to them in the Fischer Cert.

failure to provide evidence of $30,000 in verifiable expenses for improvements to the Property; and (5) her failure to deliver a lender's title policy and corresponding legal opinion of counsel with respect to the Property. Notices of default were issued by the Estate to the Debtor on September 14, 2018 and January 9, 2019, which defaults remain uncured. Notably, the Debtor never objected to the default notices sent by the Estate.

Debtor's failure to pay outstanding real estate taxes for the Property, which, as of January 18, 2019, totaled $42,041.72, continues to erode the equity in the Property. Such equity is further eroded by the Federal Tax Lien in the amount of $142,624.31, which continues as a lien on the Property despite the fact that the Debtor may have been discharged from personal liability in a previous bankruptcy filing. Such erosion of equity will cause the Estate to suffer severe financial harm while the Debtor continues in her attempts to gain additional time to salvage a Property which is not her primary residence. This should not be countenanced by the Court.

2. **The Memorandum is Subject to the Statute of Frauds**

N.J.S.A. 25:1-13 (the "Statute of Frauds") provides as follows:

> An agreement to transfer an interest in real estate or to hold an interest in real estate for the benefit of another shall not be enforceable unless:
>
> a. a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement, and the identity of the transferor and transferee are established in a writing signed by or on behalf of the party against whom enforcement is sought; or
>
> b. a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement and the identity of the transferor and the transferee are proved by clear and convincing evidence.

Here, the Memorandum is clearly subject to the Statute of Frauds, as it involves an agreement with respect to a transfer or holding of an interest in real estate.

April 8, 2019<br>Page 4

It is well-settled that agreements subject to the Statute of Frauds cannot be subsequently modified orally. See, e.g., Melcer v. Zuck, 101 N.J. Super. 577, 588 (App. Div. 1968); Willow Brook Recreation Ctr., Inc. v. Selle, 96 N.J. Super. 358, 364 (App. Div. 1967).

Throughout the Reply, the Debtor relies upon alleged oral communications with Fischer which she contends modified the agreement set forth in the Memorandum. Debtor's arguments regarding oral modifications of the Memorandum, however, are inapplicable, and the Memorandum is only admissible as written.

3. **Testimony of a Decedent is Inadmissible Before the Court**

Much of Debtor's Reply is based upon communications she allegedly had with Fischer, who is deceased. Such communications are inadmissible before the Court.

Pursuant to N.J.S.A. § 2A:81-2:

> In a civil action that is commenced or defended by a guardian on behalf of a person who is mentally incapacitated or by a personal representative on behalf of a decedent, any other party who asserts a claim or an affirmative defense against the person who is mentally incapacitated or against the personal representative, that is supported by oral testimony of a promise, statement, or act of the person who is mentally incapacitated before the onset of mental incapacity, or of the decedent, shall be required to establish the same by clear and convincing proof.

This is sometimes known as the "Dead Man Act". The purpose of the Dead Man Act was to provide that, when one of the parties to a litigated obligation was silenced by death, the other would be silenced by law. Lindner v. First Nat. Bank & Trust Co. of Montclair, 9 N.J.Super. 569, 76 A.2d 49 (L.1950). Here, as Fischer is deceased and, thus, not able to counter the statements he allegedly made, such supposed discussions with Fischer are inadmissible before the Court.

April 8, 2019<br>Page 5

4.  **<u>Debtor's Filing Can Only Be Attributed to Bad Faith</u>**

While the Debtor asserts in her reply that she has not filed the within Bankruptcy proceeding in bad faith, the fact that this is her **<u>sixth bankruptcy filing</u>** must be taken into account.

Furthermore, the timing of the within Bankruptcy filing is most telling. Debtor clearly filed her most recent Petition in order to prevent a Sheriff's Sale from occurring. Debtor's motive can only be attributable to her intent to avoid losing the Property in a Sheriff's Sale, as she has demonstrated no other or good faith reason for the filing of the instant bankruptcy proceeding. The only apparent purpose is for Debtor to once again frustrate the Estate in the prosecution of its foreclosure rights and to avoid fulfilling her obligations to the Estate.

In addition, despite the fact that the Property is clearly "under water", the Debtor's Chapter 13 Petition has been manipulated so as to appear to comply with the provisions of the Bankruptcy Code.

Debtor's Reply, itself, is indicative of bad faith. While Debtor asserts that she has made improvements to the Property, she fails to provide any evidence whatsoever of such improvements. In addition, the Debtor claims that she has a potential interested purchaser for the Property, yet she fails to produce a sales contract or even to identify the supposed purchaser.

Finally, based upon the Debtor's income and expenditures listed in the Petition, it is apparent that the Debtor does not have the financial ability to maintain the Property and to pay all necessary expenses, including real estate taxes, which continue to erode the Estate's secured position. In addition, the Estate questions whether the Debtor has obtained or maintained insurance for the Property.

April 8, 2019<br>Page 6

5. **The Reply Should Not Be Considered Because it is Untimely**

Debtor's deadline to file the Reply was April 4, 2019. As Debtor's Reply was not filed until April 5, 2019, it is untimely and should not be considered by the Court.

6. **Evidentiary Hearing**

In the event that the Court determines that an evidentiary hearing is necessary in connection with the Motion or with any confirmation hearing, it is respectfully requested that the Estate be given sufficient time to retain an appraiser who will testify as to the value of the Property and any other relevant matters.

### CONCLUSION

For the foregoing reasons, the Estate respectfully requests that the Court enter an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d), Waiving the Fourteen Day Stay Under Fed.R.Bankr.P. 4001(a)(3) and Granting Prospective and Related Relief or, in the Alternative, Dismissing the Bankruptcy Case.

Respectfully submitted,

*/s/ David H. Stein*

David H. Stein

DHS/
enclosure

#10536663.1(168244.001)