**WILENTZ, GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732), 636-8000
DAVID H. STEIN, ESQ.
*Attorneys for Estate of Saul Fischer*

| | |
|---|---|
| In re:<br><br>KELLY K. LALLY,<br><br>      Debtor. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 13<br><br>Case No.: 19-13492 (JKS)<br><br>Hon. John K. Sherwood<br><br>**Hearing Date: June 13, 2019**<br>      **at 8:30 a.m.** |

**OBJECTION OF ESTATE OF SAUL FISCHER TO CONFIRMATION OF CHAPTER 13 PLAN AND JOINDER TO TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN**

The Estate of Saul Fischer (the "Estate"), by and through its undersigned counsel, hereby submits the following objection to the confirmation of the Chapter 13 Plan (the "Plan") filed by the Debtor, Kelly K. Lally (the "Debtor") and joinder to the Trustee's Objection to Confirmation of Plan (the "Trustee's Objection"), and states as follows:

**Joinder**

1. The Estate hereby joins in the Trustee's Objection, filed in the within matter on March 25, 2019 (Docket Entry No. 27) and incorporates same herein.

**Background**

2. Prior to the instant chapter 13 matter, the Debtor filed multiple bankruptcy proceedings under numerous name variations, commencing in 1998. The following are the previous bankruptcy proceedings instituted by the Debtor:

|   | **Petition Name Used by Debtor** | **BK Chapter** | **Filing Date** | **Bankruptcy Case Number** |
|---|---|---|---|---|
| 1. | Kelly Kay Lally | 7 | 10/28/98 | 98-44134 |
| 2. | Kelly Lally | 13 | 07/02/08 | 08-22442 |
| 3. | Kelly Kay Lally | 7 | 12/08/11 | 11-44991 |
| 4. | Kelly K. Lally | 7 | 02/22/17 | 17-13400 |
| 5. | Kelly K. Lally | 13 | 03/08/17 | 17-14589 |

3. The current Chapter 13 petition (the "Petition"), the sixth petition filed by Debtor to date, was initiated on February 20, 2019 (the "Petition Date"), under Case No. 19-13492.

4. On March 7, 2019, the Estate filed a Proof of Claim in the current Chapter 13 proceeding in the amount of $1,344,665.10 (Claim No. 3).

5. The Estate is a secured creditor of Debtor and holds a mortgage covering the real property commonly known as 3 Balsam Terrace, Sparta, New Jersey (Block 5047, Lot 1) (the "Property").

6. The Estate is also the holder of a Final Judgment in Commercial Mortgage Foreclosure (the "Final Judgment"), entered in favor of Saul Fischer[1] in the Superior Court of New Jersey, Chancery Division, Sussex County, in the matter captioned as DLJ Mortgage Capital, Inc. v. Kelly Lally, et. al. (the "Foreclosure Action").

7. The Final Judgment was entered in the Foreclosure Action on August 16, 2018 in the amount of $1,266,988.66, together with counsel fees in the amount of $7,500.00.

---

[1] Saul Fischer died on August 16, 2018. On September 5, 2018, the Last Will and Testament of Saul Fischer was admitted to probate in the Surrogate's Court of Essex County, New Jersey and a Letters Testamentary was issued to Laurence E. Fisch a/k/a Lawrence Fischer, executor of the Estate of Saul Fischer.

2

#10466579.2(168244.001)

8. A Sheriff's Sale in the Foreclosure Action was initially scheduled for January 23, 2019 and was subsequently twice adjourned by Debtor, once to February 6, 2019 and then to February 20, 2019.

9. On the day of the Sheriff's Sale, February 20, 2019, the Debtor filed the within Petition.

10. On March 6, 2019, the Estate filed a Motion for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d), Waiving the Fourteen Day Stay Under Fed.R.Bankr.P. 4001 (a)(3) and Granting Prospective and Related Relief (the "Motion") (Docket Entry No. 22).

11. On May 16, 2019, the Court entered an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d), Waiving the Fourteen Day Stay Under Fed.R.Bankr.P. 4001 (a)(3) and Granting Prospective and Related Relief (the "Order for Relief", Docket Entry No. 32).

**Debtor's Plan is Unconfirmable**

12. The Debtor has filed a Plan which is both unfeasible and un-confirmable.

13. First, Debtor's Plan should not be confirmed as she fails to meet the Chapter 13 secured debt limitation requirements. 11 U.S.C. § 109(e) sets a secured debt limitation for a Chapter 13 proceeding at $1,184,200. In the Petition, Debtor lists her total secured debt at $1,185,946 which, on its face, surpasses the Chapter 13 secured debt limit.

14. In addition, Debtor's plan is not feasible pursuant to 11 U.S.C. §§ 1325(a)(6), as the Debtor will be unable to make payments under the Plan. In the Trustee's Objection, the

3

Chapter 13 Trustee demonstrates the business income overstatements, lack of surplus fund availability and inability of the Debtor to verify net business income.

15. Furthermore, Debtor's failure to pay outstanding real estate taxes for the Property, which, according to the Tax Collector of Sparta Township, total more than $48,388.00 as of May 30, 2019, continues to erode the equity in the Property.

16. Such equity is further eroded by the Federal Tax Lien filed against the Debtor in the amount of $142,624.31. While the Federal Tax lien may have been discharged in the Debtor's previous chapter 7 filing, the Debtor is only relieved of the personal liability on the debt. *In rem* actions against the property subject to the Federal Tax Lien are unaffected. Dewsnup v. Timm, 502 U.S. 410, 418; Avola v. IRS (In re Avola), No. 95–25068, 1997 WL 792534, at *4 (Bankr.D.N.J. July 17, 1997).

17. In addition, the Debtor has not made payments to the Estate in connection with debt service coverage of the Property, causing a further erosion in the equity.

18. Such erosion of equity will cause the Estate to suffer severe financial harm while the Debtor continues in her attempts to gain additional time to salvage a Property which is not her primary residence.

19. Moreover, the Plan contemplates a sale or refinance of the Property, which is speculative at best, as no proposed contract, commitment or other evidence of financing or sale has been presented to the Court.  Moreover, such a contemplated sale or refinance has been rendered moot by the entry of the Order for Relief, which allows the pending Sheriff's sale of the Property to proceed; the Sheriff's sale will likely occur before any conjectured sale or refinancing can be concluded.

4

#10466579.2(168244.001)

20. Debtor has used this filing in order to escape the inevitable -- the sale of the Property through a Sheriff's Sale. As the Property is not Debtor's residence and is underwater, and in light of the Debtor's history of serial bankruptcy filings, Debtor should not be given additional time to sell the Property or to refinance.

21. Debtor's Plan is speculative, at best, and is not grounded in good faith.

22. Accordingly the Court may not confirm the Plan since it i) does not comply with the provisions of chapter 13; ii) does not comply with other applicable provisions of title 11; and iii) has not been proposed in good faith.

23. The Estate reserves the right to supplement this objection at or prior to any hearing on confirmation or at any valuation hearing, should one be scheduled on notice to the Estate and subject to any scheduling order regarding discovery, exchange of documents and a mutually agreed upon hearing date.

Dated: May 31, 2019

    Respectfully submitted,

    **WILENTZ, GOLDMAN & SPITZER, P.A.**
    *Attorneys for Estate Saul Fischer*

    By: */s/ David H. Stein*
        DAVID H. STEIN